UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CR283

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | **DEFENDANT'S POSITION RE:** |
| Vs. | ) | **SENTENCING** |
| | ) | |
| GEORGE C. STOUTENBURGH | ) | |

## INTRODUCTION

Mr. George Stoutenburgh is fifty years of age. He has been married for nineteen years to Mary Josephine Treutlin. They have two daughters: Amanda who is 14 years old and Cheryl who is 12 years old. He has no criminal history points. Mr. Stoutenburgh respectfully requests this variance because of extraordinary degree of acceptance. He submits a sentence in the guideline range of 0-6 months is reasonable and comports with the "sentencing purposes"

On July 27, 2005, Mr. Stoutenburgh was charged in a two-count Bill of Indictment with: (1) Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 and (2) Copyright Infringement and Remedies, in violation of 18 U.S.C. §§ 2319(a), (b)(1), and (c)(1) and 17 U.S.C. 506(a)(1) and (a)(2).

On September 8, 2005, Mr. Stoutenburgh made his initial appearance before U.S. Magistrate Judge Horn III. Mr. Stoutenburgh was released on administrative pretrial services supervision.

On March 27, 2006, Mr. Stoutenburgh appeared before Judge Horn and pled guilty to Count One pursuant to a written Plea Agreement. In exchange for the guilty plea, the government agreed to dismiss Count Two.

Mr. Stoutenburgh was debriefed immediately following his Rule 11 hearing. In addition, he agreed to participate in a law enforcement operation to uncover persons involved in copyright infringement activities.

## APPLICABLE LAW

The Supreme Court has ruled that mandatory nature of the Federal Sentencing Guidelines runs afoul of the Sixth Amendment. *United States v. Booker, 125 S.Ct. 738 (2005)* After *Booker*, the Sentencing Guidelines are "effectively advisory". Courts are now required to consider the Guidelines along with other statutory purposes of sentencing in arriving at the appropriate sentence. These "statutory purposes" are enumerated in 18 U.S.C. §§ 3553(a), 3582 (a), and 3361.

These applicable sentencing statutes provide that the court "shall impose a sentence sufficient, but not greater than necessary" to achieve the objectives of sentencing. 18 U.S.C. § 3553 (a). In arriving at the appropriate sentence the law directs the Court to consider: (1) the nature and circumstances of the offense, (2) the history and characteristic of the offender, (3) the need to impose a punishment that reflects the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, (4) to afford adequate deterrence, (5) to protect the public from further crimes, (6) to provide the defendant with needed education, vocational training, medical care or other correctional treatment and (7) the kinds of sentences that are available. 18 USC § 3553 (a)(1), (2).

Further, by enacting Section 3582, Congress explicitly recognized that imprisonment is "not an appropriate means of promoting correction and rehabilitation." 18 USC § 3582 (a) Finally, Section 3661 provides that "no limitation shall be places on the information concerning the background, character, and conduct of the person . . .which a court  . . . may consider for the purpose of imposing an appropriate sentence 18 USC § 3661.  In sum, in every case, courts must now consider all the statutory factors, not just the Guidelines in arriving at the appropriate sentence.

Mr. George Stoutenburgh respectfully requests this Honorable Court consider the facts and circumstances of his case, grant a variance, and sentence him below the applicable guideline range.

**RELEVANT FACTORS**

Extraordinary Acceptance of Responsibility

A sentencing court may depart downward from a defendant's guideline range in a case "where the defendant manifest's an extraordinary acceptance of responsibility. *United States v. Brown*, 985 F.2d 478, 482 (9th Cir. 1993), *accord United States v. Rogers*, 972 F2d 489, 493 (2d Cir. 1992); *United States v. Lieberman*, 971 F.2d 989, 996 (3rd Cir. 1992); *United States v. Carey*, 895 F.2d 318, 323-24 (7th Cir. 1990); *United States v. Crumb*, 902 F.2d 1337, 1339-401 (8th Cir. 1990). In the Brown case, the defendant did not confess until after his arrest, which followed a high speed chase. "Brown," 985 F.2d at 482. The defendant's confession "lacked important details about the offense to which he admitted." *Id*. The Ninth Circuit found that the record contained evidence that would support such a departure and vacated and remanded the case for re-sentencing. *Id*. At 483. Similarly, the Court may depart from the guidelines, even though

3

Case 3:05-cr-00283-FDW-DCK    Document 24    Filed 04/23/07    Page 3 of 5

the reason for departure is taken into consideration in determining the guideline range if the Court determines that, in light of special circumstances, the guidelines level attached to the factor is inadequate. U.S.S.G. § 5K2.0(a)(2)(A)(Nov.2005). In the instant, Mr. Stoutenburgh voluntarily gave incriminating and vital information to investigators before he was arrested. Mr. Stoutenburgh respectfully submits his degree of acceptance merits more than a three-point reduction.

Mr. Stoutenburgh's extraordinary acceptance of responsibility and his substantial assistance to the government is deserving of a sentence below the applicable range. His extraordinary acceptance and his substantial assistance to the government merits a sentencing below the applicable guideline range.

<u>Sentence Should Be Less than the Advisory Sentencing Guideline Range</u>.

The PSR recommends a sentencing range of 18-24 months. Mr. Stoutenburgh contends that the applicable advisory range should be 0-6 months. A sentence of 0-6 months is not greater than necessary to further the ends of justice, protect the public and deter criminal conduct as set forth in 18 U.S.C. § 3553(a). Given all the facts and circumstances of the case, a lesser sentence is warranted. He asks the Court to consider all the facts and circumstances of his case, and sentence him below the applicable advisory sentencing range.

## CONCLUSION

Therefore, Mr. Stoutenburgh respectfully requests this Honorable Court consider all the statutory factors enumerated in 18 U. S. C. § 3553(a), extraordinary expectance of responsibility, and cooperation with the government, and thus sentence him to a Guidelines range 0-6 months.

4

Respectfully submitted this 23rd day of April 2007.

                                      **COBLE & SNOW, LLP**

                                      _____
                                      s/ Kenneth D. Snow
                                      Bar No: 27619
                                      Attorney for George Stoutenburgh
                                      Coble & Snow, LLP
                                      407 East Blvd., Suite 200
                                      Charlotte, NC 28203
                                      (704) 358-0026
                                      (704) 358-0029 fax
                                       kennsnow@cobleandsnowlaw.com