**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4537

UNITED STATES OF AMERICA,

                      Plaintiff - Appellee,

versus

GEORGE C. STOUTENBURGH,

                      Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:05-cr-283-W)

Submitted: December 19, 2007         Decided: January 22, 2008

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carol Ann Bauer, Morganton, North Carolina, for Appellant. Corey F. Ellis, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George C. Stoutenburgh appeals his twelve-month and one-day sentence after pleading guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2000), through unauthorized reproduction and distribution of copyrighted material. Stoutenburgh's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but asking this court to review whether Stoutenburgh received effective assistance of counsel at his sentencing hearing. Stoutenburgh filed a supplemental pro se brief in which he further addresses his claim of ineffective assistance.

A claim of ineffective assistance of counsel should be raised in a 28 U.S.C. § 2255 (2000) motion with the district court rather than on direct appeal, unless the record conclusively demonstrates ineffective assistance. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (internal citations and quotations omitted). Such a claim cannot be fairly adjudicated on direct appeal when the appellant has not raised the issue before the district court and there is no statement from counsel on the record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Because there is no evidence in the record to support Stoutenburgh's allegations of ineffective assistance prior to and

during his sentencing hearing, Stoutenburgh's claims should be raised in a § 2255 motion rather than on direct appeal.[*]

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Stoutenburgh's conviction and sentence. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]To the extent that Stoutenburgh raises a claim regarding the Government's refusal to move for a downward departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2005), the filing of such a motion is within the Government's sole discretion. See Fed. R. Crim. P. 35(b). The Government was not required to move for a reduction under the terms of the plea agreement. Nor is there any evidence in the record indicating that the refusal was based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992).

Case 3:05-cr-00283-FDW-DCK    Document 41    Filed 01/23/08    Page 3 of 3