

*8/19/08*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

DOCKET NO. 3:08-cv-00334-FDW
(3:05-cr-00283-FDW)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GEORGE C. STOUTENBURGH, | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS MATTER comes now before the Court upon Defendant's Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1).[1] Pursuant to his written plea agreement, Defendant waived all appeal or post-conviction rights except for claims of ineffective assistance of counsel or prosecutorial misconduct. Because the Court finds neither present here, Defendant's Motion is DENIED.

To prove that ineffective assistance of counsel violates the Sixth Amendment, a defendant must show that (1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. 668, 688, 694; United States v. Breckenridge, 93 F.3d 132, 136 (4th Cir. 1996). In assessing ineffective-assistance claims, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Fields v. Attorney Gen. of State of

---

[1] The Court construed Defendant's pro se letter as a § 2255 motion, providing Defendant with notice under United States v. Castro and thirty (30) days to withdraw his motion or include additional claims (Doc. No. 2). Defendant has not objected to the Courts characterization, and the time for doing so has expired.

Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). Furthermore, in considering whether prejudice exists, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Defendant bears the burden of proving prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 at 1290.

Defendant alleges that his trial counsel was constitutionally ineffective because, during sentencing, he (1) could not remember all the details of Defendant's initial briefing with FBI special agent Darren Mott; (2) did not question Mott regarding every individual for whom Defendant had provided information; (3) failed to recognize and press Mott on certain inconsistencies in his testimony; and (4) failed to contest the admissibility of certain exhibits. Leaving aside Strickland's objective standard of reasonableness, no where does Defendant show a reasonable probability that, but for these errors, his resulting sentence would have been different. Most of Defendant's allegations concern the Government's alleged failure to recognize the level of his cooperation and its consequent failure to file a § 5K1.1 motion. However, as the Court will discuss, the power to recognize Defendant's cooperation with a substantial assistance motion lay not with defense counsel or the Court, but with the Government. No where does Defendant demonstrate how, if defense counsel had performed as Defendant desired, the probability of the Government making a § 5K1.1 motion would have increased. Therefore, Defendant cannot show that he has been prejudiced and cannot meet his burden under Strickland regarding trial counsel's performance.

Defendant also alleges that his appellate counsel was constitutionally ineffective because she did not adequately consult and advise him during the appeal process. This allegation clearly fails

both prongs of the Strickland test. Defendant has not demonstrated a reasonable probability that appellate counsel's increased communication with him would have effected the outcome of his appeal. Even if he had made such a showing, the degree to which appellate counsel communicates with her client, although perhaps good practice, is largely immaterial to the appellate process. The record on appeal is fixed, and counsel is able to proceed through the appeal without extensive input from the defendant, excepting, of course, certain strategic decisions, such as the right to appeal itself.

Turning to prosecutorial misconduct, Defendant focuses on the information that he provided to the Government, arguing that the Government downplayed his cooperation in order to deny him a § 5K1.1 motion. This is, however, the very argument that Defendant made on appeal. In response, the Fourth Circuit stated:

> [T]he filing of such a motion is within the Government's sole discretion. See Fed. R. Crim. P. 35(b). The Government was not required to move for a reduction under the terms of the plea agreement. Nor is there any evidence in the record indicating that the refusal was based on an unconstitutional motive.

United States v. Stoutenburgh, No. 07-4537, 2008 WL 177849, at *1 n.* (4th Cir. Jan. 22, 2008). Defendant has pursued this argument before, and it has already been rejected by the Fourth Circuit.

Accordingly, the Court finds neither ineffective assistance of counsel nor prosecutorial misconduct. Defendant's Motion is therefore DENIED.

IT IS SO ORDERED.          Signed: August 19, 2008

Frank D. Whitney
United States District Judge

-3-